IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

SOUTHERN WABASH COMMUNI- )
CATIONS CORP., et al. )
) NO. 3:05-0339
v. ) JUDGE CAMPBELL
)
ABC NETWORK, INC. d/b/a ESPN )
RADIO, et al. )

MEMORANDUM

Pending before the Court is Defendant ABC Network, Inc. d/b/a ESPN Radio's Motion to Dismiss or to Transfer (Docket No. 25). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiffs filed this action in the Chancery Court for Davidson County, Tennessee, against ABC Radio Network, Inc. d/b/a ESPN Radio and seven other Defendants. Defendants thereafter removed the action to this Court. Docket No. 1.

Plaintiffs are the owners and operators of WNSR-AM 560, a 24-hour all sports radio station in Nashville, Tennessee. Defendant ABC Network, Inc. d/b/a ESPN Radio ("ABC/ESPN") is a Delaware corporation with its principal place of business in Dallas, Texas, and acts as a provider of numerous programming and news networks for radio stations nationwide.

Plaintiffs allege that they first became affiliated with ABC/ESPN in 1997. Their most recent ESPN Radio Affiliation Agreement ("the Agreement") was signed on November 18, 2003. A copy of that Agreement is Exhibit E to the Complaint. See Docket No. 3. Plaintiffs contend that, under the Agreement, WNSR became the exclusive ESPN radio station in the Nashville, Tennessee

broadcasting area. The Agreement had a initial one-year term, from December 1, 2003, through December 31, 2004, and provided for automatic renewals for successive one-year terms thereafter. The Agreement also provided that either party could terminate the Agreement at any time upon ninety days prior written notice.

Plaintiffs' Complaint alleges that the Defendants conspired to harm WNSR through a series of wrongful actions, ultimately resulting in Defendant ABC/ESPN breaching its contract with Plaintiffs. Plaintiffs assert that Defendant ABC/ESPN not only breached its contract, but also violated the Tennessee Consumer Protection Act and federal antitrust laws.[1]

Defendant ABC/ESPN has moved to dismiss this action or to transfer it to the United States District Court for the Southern District of New York, citing a forum selection and choice of law provision in its Agreement with Plaintiffs which states:

> THIS AGREEMENT AND ALL QUESTIONS RELATING TO ITS VALIDITY, INTERPRETATION, PERFORMANCE, AND ENFORCEMENT (INCLUDING, WITHOUT LIMITATION, PROVISIONS CONCERNING LIMITATIONS OF ACTION), SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK, NOTWITHSTANDING CONFLICT-OF-LAWS DOCTRINES OF ANY STATE OR OTHER JURISDICTIONS TO THE CONTRARY. This Agreement shall be performable in New York County, New York and the parties hereby agree that the venue of any suit or proceeding involving this Agreement shall be any federal, state or local court of competent jurisdiction located in New York County, New York, and Network, Owner and Station agree to submit to the personal jurisdiction of such courts.

---

[1] Plaintiffs also allege that the remaining Defendants (collectively, the "Cumulus Defendants") are guilty of tortious interference with contract, tortious interference with business relations, trademark infringement, and violation of federal antitrust laws.

Docket No. 3, Ex. E, ¶ 12. Defendant ABC/ESPN also asserts that, if the Court does not dismiss or transfer the action based upon venue, it should dismiss the claims against ABC/ESPN for failure to state a claim for which relief may be granted. Docket No. 26.

## IMPROPER VENUE

Defendant ABC/ESPN first argues that this case should be dismissed for improper venue. In the Sixth Circuit, however, venue in removed cases, such as this one, is governed solely by the removal statute, 28 U.S.C. § 1441(a). Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 534 (6th Cir. 2002). In Kerobo, the court held that the district court could not dismiss for improper venue an action that was properly removed from state court to the district court embracing the place where the state court action was pending, notwithstanding a forum selection clause in the agreement at issue between the parties. Id. at 535. There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated district court for the district in which the state court action was pending. Id.

Here, the case was properly removed from the state court to this Court, the only federal venue into which it could be removed under the removal statute. Therefore, Defendant's Motion to Dismiss for Improper Venue is DENIED.

## MOTION TO TRANSFER

Defendant ABC/ESPN also asks the Court to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court for the Southern District of New York, based upon the forum-selection clause in its Agreement with Plaintiffs. Section 1404(a) provides that a district court may transfer any civil action to any other district or division where it might have been brought, "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

First, the Court must determine whether the U.S. District Court for the Southern District of New York is a district where this action might have been brought. Plaintiffs submitted to the jurisdiction of that court through the forum-selection clause in the Agreement with ABC/ESPN. Whether the Cumulus Defendants would be subject to the jurisdiction of the New York court is another matter. Nonetheless, the Court finds that Plaintiffs could have sued ABC/ESPN in the U.S. District Court for the Southern District of New York.

Secondly, the Court must examine whether the balance of interests favors transfer to the alternative forum. Congress intended to give district courts discretion to transfer cases on an individual basis by considering convenience and fairness. Kerobo, 285 F.3d at 537. The district court must weigh a number of case-specific factors such as the convenience of the parties and witnesses, public interest factors of systemic integrity, and private concerns falling under the heading "the interest of justice." Id. A forum-selection clause in a contract is one of the factors to consider in this calculus. Id. Such a clause should receive neither dispositive consideration nor no consideration but rather the consideration for which Congress provided in § 1404(a). Id. at 537-38.

On the record before it, the Court finds that a transfer of this action is not appropriate. Plaintiffs are a Tennessee and a Delaware corporation, operating in Tennessee. Defendant ABC/ESPN is a Delaware corporation based in Dallas, Texas. The Cumulus Defendants are Nevada corporations based in Atlanta, Georgia and operating radio stations in Tennessee.

The facts underlying Plaintiffs' claims against ABC/ESPN are intricately bound with the facts underlying Plaintiffs' claims against the Cumulus Defendants. Separation of these claims, trying the claims against ABC/ESPN in New York and the claims against the Cumulus Defendants here, would not serve judicial economy or the interests of justice. In addition, there is no substantial

4

connection between this lawsuit and the State of New York, other than the forum-selection clause in the Agreement between ABC/ESPN and Plaintiffs.

Even though forum selection clauses are generally to be enforced, the Court finds that, under these circumstances, the forum selection clause factor does not outweigh the strong reasons to try this action here. For these reasons, Defendant ABC/ESPN's Motion to Transfer is DENIED.

## FAILURE TO STATE A CLAIM

Defendant ABC/ESPN also asks the Court to dismiss Plaintiffs' breach of contract, Tennessee Consumer Protection Act ("TCPA"), and antitrust violation claims for failure to state claims upon which relief may be granted. Docket No. 26.

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

Viewing the Complaint in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have sufficiently stated claims for relief for breach of contract, violation of the Tennessee Consumer Protection Act, and violation of the antitrust laws. Defendant's arguments simply

5

highlight the many disputed issues of fact concerning these causes of action. Whether the allegations have merit, of course, is yet to be determined.

CONCLUSION

For all these reasons, Defendant ABC/ESPN's Motion to Dismiss or Transfer (Docket No. 25) is DENIED. This case is set for trial by contemporaneous Order.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE