IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SOUTHERN WABASH COMMUNI-<br>CATIONS CORP., et al. | )<br>)<br>) NO. 3:05-0339 |
| v. | ) JUDGE CAMPBELL<br>) |
| ABC NETWORK, INC. d/b/a ESPN<br>RADIO, et al. | )<br>) |

MEMORANDUM

Pending before the Court is Defendants Cumulus Licensing LLC and Lewis W. Dickey, Jr.'s Motion to Dismiss the Complaint for Lack of Personal Jurisdiction (Docket No. 68). For the reasons stated herein, Defendants' Motion is GRANTED as to Defendant Cumulus Licensing LLC and DENIED without prejudice as to Defendant Lewis W. Dickey, Jr.

FACTS

Plaintiffs are the owners and operators of WNSR-AM 560, a 24-hour all sports radio station in Nashville, Tennessee. Plaintiffs allege that both Defendant Cumulus Licensing LLC and Defendant Lewis W. Dickey, Jr. participated in the wrongful acts which form the basis of Plaintiffs' Complaint.

Defendant Cumulus Licensing LLC is a Nevada limited liability company, not registered to do business in Tennessee. Cumulus Licensing LLC is the holder of the FCC licenses for the Tennessee radio stations which are Defendants herein. Cumulus Licensing LLC claims it has no connection to Tennessee or this lawsuit. It argues that Plaintiff's claims do not involve the FCC licenses it owns and that it did not participate in any of the actions giving rise to this action. Defendant Cumulus Licensing LLC asserts that it transacts no business in Tennessee, has no facilities, plants, offices, employees, or bank accounts in Tennessee, does not own, possess, lease or

use real property in Tennessee, does not have a phone listing in Tennessee, and has never paid taxes in Tennessee.

Defendant Lewis W. Dickey, Jr. is a Georgia resident who is the Chairman, President and Chief Executive Officer of Defendant Cumulus Media, Inc. and the Manager of Defendants Cumulus Broadcasting LLC and Cumulus Licensing LLC. Defendant Dickey asserts that he has no contacts with Tennessee sufficient to evoke this Court's jurisdiction, having no office in Tennessee, owning no property in Tennessee, and having made only sporadic visits to Tennessee unrelated to this action. Mr. Dickey also asserts that he had no involvement in the wrongful conduct alleged in Plaintiffs' Complaint.

The causes of action asserted against Defendants Cumulus Licensing LLC and Lewis W. Dickey, Jr. are tortious interference with contract, tortious interference with business opportunities, violation of trademark, and violation of the federal antitrust laws.

## PERSONAL JURISDICTION

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a claim for lack of jurisdiction over the person. The Plaintiffs bear the burden of establishing jurisdiction. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Cupp v. Alberto-Culver USA, Inc., 308 F.Supp.2d 873, 876 (W.D. Tenn. 2004). Absent an evidentiary hearing on the issue of personal jurisdiction, the Plaintiffs need only make a *prima facie* showing of jurisdiction. Id. In the face of a properly supported motion to dismiss, Plaintiffs may not stand on their pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction. Theunissen, 932 F.2d at 1458.    `

In considering a Motion to Dismiss, the Court must construe the Complaint in a light most favorable to the Plaintiffs and accept all of the factual allegations as true; however, this requirement

2

does not require the Court to ignore undisputed factual representations of the Defendants which are consistent with the representations of the Plaintiffs. Cupp, 308 F.Supp.2d at 877; Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 153 (6th Cir. 1997).

Here, the Court has jurisdiction over a Defendant if that Defendant is amenable to service of process under Tennessee's long-arm statute and if the exercise of personal jurisdiction would not deny the Defendant due process. Cupp, 308 F.Supp.2d at 877. In Tennessee, the long-arm statute extends the personal jurisdiction of its courts to the limits of the Due Process Clause. Tenn. Code Ann. § 20-2-214(a)(6). Under the Due Process Clause, the Court may exercise personal jurisdiction over a Defendant so long as that Defendant has certain minimum contacts with Tennessee such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Cupp, 308 F.Supp.2d at 877.

Personal jurisdiction may be general or specific depending on the nature of the contacts in a particular case. Compuserve Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996). General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd., 138 F.3d 624, 627 (6th Cir. 1998). Specific jurisdiction, on the other hand, arises when the defendant has sufficient minimum contacts that arise from or are related to the cause of action asserted. Cupp, 308 F.Supp.2d at 877.

The Sixth Circuit has established three criteria to be used in determining whether specific jurisdiction exists in a particular case:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection

3

with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968). The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2183-84 (1985). A defendant should not be haled into a jurisdiction where his contacts are random, fortuitous, or attenuated. Id.; Cupp, 308 F.Supp.2d at 878.

## CUMULUS LICENSING LLC

Plaintiffs assert that Cumulus Licensing LLC is subject to the jurisdiction of this Court because it is the holder of the FCC licenses for at least six radio stations located in Tennessee, including the two Defendant radio stations. Plaintiffs have not come forward with any other specific proof to show any "minimum contacts" of Cumulus Licensing LLC with Tennessee. Simply including Cumulus Licensing in the category of "Cumulus Defendants" is not enough, absent some factual evidence of the activity of Cumulus Licensing which would purposely avail it of the opportunity to do business in Tennessee. Neither have Plaintiffs demonstrated any connection between Cumulus Licensing LLC as an independent company and the alleged wrongful acts of the Complaint.

For these reasons, the Court finds that Plaintiffs have failed to carry their burden of demonstrating a *prima facie sh*owing of facts upon which the Court could exercise personal jurisdiction over Defendant Cumulus Licensing LLC. Accordingly, Defendants' Motion is GRANTED as to Cumulus Licensing LLC, and all claims against it are DISMISSED.

4

## LEWIS W. DICKEY, JR.

Defendant Lewis Dickey is the Chairman, President and CEO of Defendant Cumulus Media, Inc. and is the Manager of Defendant Cumulus Broadcasting. Plaintiff has alleged that Defendant Lewis Dickey, along with Defendant Michael Dickey, guided and directed the wrongful actions which form the basis of this lawsuit. Complaint, ¶ 25.

The Court finds that Plaintiffs have failed to carry their burden of demonstrating general jurisdiction over Defendant Lewis Dickey. The allegations made evidence only random, fortuitous and isolated contacts with Tennessee.

As for specific jurisdiction, however, the Court finds that the record is not sufficient to make such a determination at this point. As Chairman, President, CEO and/or Manager of the company Defendants, Defendant Lewis Dickey, if the allegations of the Complaint are true, could have had individual and active involvement in the alleged wrongful acts. Until the record is more developed as to Lewis Dickey's actual participation, influence, knowledge, representations and more related to the alleged misconduct, the Court cannot determine whether those contacts are sufficient to show specific personal jurisdiction over Mr. Dickey. Fed. R. Civ. P. 56(f).

Therefore, Defendants' Motion to Dismiss with regard to specific jurisdiction over Defendant Lewis W. Dickey, Jr. is DENIED, without prejudice to being refiled once discovery in this action is complete.

## CONCLUSION

For the above-stated reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 68) is GRANTED as to Defendant Cumulus Licensing LLC and DENIED without prejudice as to Defendant Lewis W. Dickey, Jr.

IT IS SO ORDERED.

/s/ Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE